Jackson
v.
Tibbits.

JACKSON, ex dem. Woodruff and others, *vs.* TIBBITS.

*An award of the Onondaga commissioners respecting lands situate in that county at the time of the award, may be exemplified by the clerk of that county, altho' subsequently included in the county of Cayuga.*

THIS was an action of ejectment, brought for the recovery of a lot of land situate in the town of Truxton, in the county of Cortland, tried at the Cortland circuit, in January, 1829, before the Hon. SAMUEL NELSON, one of the circuit judges.

The lessors of the plaintiff produced an exemplification of an award made in 1800, by the *Onondaga commissioners*, of the premises in question, to Jeremiah Van Rensselaer, and of a quit-claim deed from Van Rensselaer to Hunloke Woodruff, of whom the lessors of the plaintiff are the heirs at law, and rested. The defendant objected to the exemplification produced, because made by the clerk of *Onondaga* county, contending it should have been made by the clerk of *Cayuga*; which objection was overruled, and the defendant excepted. The defendant produced an exemplification of letters patent, bearing date 7th July, 1790, granting the premises in question to Nicholas Slyter, a soldier in the revolutionary army, under whom the defendant claimed. The jury, under the direction of the judge, found a verdict for the plaintiff, which was now moved to be set aside.

*J. A. Spencer*, for defendant.

*Dayton*, for plaintiff.

*By the Court*, MARCY, J. By the act under which the award was made, the commissioners were directed to enter their awards and determinations upon every claim and controversy respecting the lands in the county of *Onondaga*, (in which the premises were then situated,) in a book or books to be provided for that purpose; and those books were directed to be filed in the clerk's office of that county, there to remain as *records*. A subsequent act directed a similar book to be made and filed in the clerk's office of the county of Cayuga of the awards and determinations concerning lands then in the county of Cayuga, which had recently been set

off from the county of Onondaga. The premises in question were, when the proceedings were filed, in the county of Onondaga. The exemplification of the award concerning them was therefore properly made by the clerk of that county.

The question as to the constitutionality of the act under which the Onondaga commissioners acted, was submitted to this court nearly twenty years ago, and decided in favor of its validity. In repeated decisions since, those proceedings have been sanctioned. It is now too late to hear an argument upon the question.

Motion for new trial denied.